Robert J. Murphy, Esquire
Attorney I.D. No. 15555
227 Brazilian Avenue
Palm Beach, FL 33480
(561)818-0215
*Robert J. Murphy Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| Anne Wilson | : | |
| | : | N0. 2:14-CV-00920 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Travelers Insurance Company | | |

---

**MOVANT'S, ROBERT MURPHY'S, PRAECIPE TO FILE THE WITHIN SUPPLEMENTAL  VERIFICATION EXHIBIT TO MOVANT'S, ROBERT MURPHY'S, RESPONSE TO TRAVELERS INSURANCE COMPANY'S MOTION TO REMAND PURSUANT TO 28 U.S.C.A. SECTION 1653 AND APPLICABLE LAW**

TO THE CLERK OF COURT:

Kindly file movant, Robert Murphy's, within supplemental verification exhibit in support

of movant's, Robert Murphy's, response filed April 3, 2014 to Travelers Insurance Company's

motion to remand filed March 20, 2014 in accordance with 28 U.S.C.A. Section 1653 and

applicable law including *USX Corp. v. Adriatic Insurance Co.,* 345 F.3d 190, 205, n. 12 (3rd Cir

2013) and attached hereto as Exhibit 1.

BY:/s/_____
          Robert J. Murphy, Esquire
          *Alleged Judgment Debtor*
          *Pro Se*

Robert J. Murphy, Esquire
Attorney I.D. No. 15555
227 Brazillian Avenue
Palm Beach, FL 33480
(561)818-8250
*Robert J. Murphy Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

Anne Wilson                                     :
                                                :   N0. 2:14-CV-00920
                                                :
                                                :
          v.                                    :
                                                :
Travelers Insurance Company                     :

## **VERIFICATION**

Robert J. Murphy, Esquire hereby reiterates and declares based on his personal

knowledge as follows: Travelers' initial pleadings and motions and ad damnum clauses seek to

impose liability against Murphy in an unspecified amount for all attorney fees and costs

allegedly incurred by Travelers in the captioned matter pursuant to 42 Pa.C.S.A. Section 2503,

Pa.R.C.P. 1023.1-1023.4 and 3117.  Travelers' foregoing claims seeking to impose liability for

all costs and counsel fees allegedly incurred by Travelers' in the captioned matter have never

alleged any specific amount of damages in the ad damnum clauses for which Travelers claims to

impose liability for all costs and counsel fees allegedly incurred by Travelers in the captioned

matter against Murphy and/or Wilson.  Travelers' foregoing initial pleadings and motions

seeking to impose liability against Murphy and/or Wilson for all costs and counsel fees allegedly

incurred by Travelers' in the captioned matter do not specifically aver that the amount of costs

and counsel fees allegedly incurred by Travelers' in the captioned matter is less than the

threshold jurisdictional minimum in the amount of $75,000.00 exclusive of interest and costs.

1

Travelers' foregoing initial pleadings and motions seek non-monetary relief and/or money judgment but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. Murphy does not have Travelers' alleged hourly fee schedule, invoices, bills, payments, costs and/or all the alleged attorney fee and cost records allegedly incurred by Travelers' in the captioned matter for which Travelers seeks to impose liability against Murphy for an unspecified amount of damages for all costs and counsel fees allegedly incurred by Travelers in the captioned matter. Murphy is not in a position to prove Travelers' alleged unspecified damages seeking to impose liability against Murphy for all costs and counsel fees allegedly incurred by Travelers in the captioned matter. All Travelers' full, true, complete, accurate and un-redacted attorney fees and costs allegedly incurred by Travelers in the captioned matter for which Travelers seeks to impose liability against Murphy are within the exclusive control of Travelers, a corporation to which Murphy is a stranger. Travelers has repeatedly refused Murphy's request to produce all the full, true, complete, accurate and un-redacted attorney fee and cost records including bills, payments, invoices, attorney fee schedules and costs allegedly incurred by Travelers in the captioned matter without any reason, justification, or excuse. Travelers filed an untimely and unverified motion to remand on March 20, 2014 challenging this court's subject matter jurisdiction on the basis that Travelers could never conceivably recover an amount in controversy in excess of $75,000 exclusive of interest and costs.

Murphy reasonably estimates Travelers' foregoing alleged statutory and rule claims against Murphy seeking to recover all attorney fees and costs pursuant to 42 Pa.C.S.A. Section 2503, Pa.R.C.P. 1023.1-1023.4 and 3117 without specifying or limiting the amount of damages including all additional attorney fees and costs allegedly incurred by Travelers in the captioned

2

matter pursuant to Travelers' garnishment proceedings from October 2007 through and

including the date of removal on February 12, 2014 likely exceed the minimum diversity

statutory amount in excess of $75,000 exclusive of interest and costs for all the fees and costs

allegedly incurred by Travelers' in the captioned matter when the matter was removed in

accordance with applicable law including as confirmed from inspection of the dockets in the

captioned matter and their illegal, void, back-dated, incomplete, inaccurate, untrue, altered and

redacted records including attorney fee and cost records attached to their motion to remand.

In support of Travelers' untimely and unverified motion to remand, Travelers attached

incomplete, untrue, altered, inaccurate, unspecified and redacted alleged attorney fees and costs

allegedly incurred by Travelers' in the captioned matter for which Travelers seeks to impose

liability against Murphy pursuant to its foregoing statutory and rule claims seeking an

unspecified amount of damages against Murphy apparently identified as Travelers' Ex. F

attached to its motion to remand filed March 20, 2014.  Review of Travelers' incomplete,

altered, inaccurate, untrue, unspecified and redacted alleged attorney fees and costs allegedly

incurred by Travelers' in the captioned matter sets forth approximately over 53 unidentified

attorney fee items and costs allegedly incurred by Travelers in the captioned matter for which

Travelers seeks to impose liability against Murphy pursuant to its foregoing statutory and rule

claims which have been redacted in Travelers' deliberate "bad faith" attempt to establish that

Travelers' claims can never conceivably exceed the minimum diversity statutory amount in order

to defeat removal jurisdiction.  Murphy reasonably estimates that review of Travelers' full, true,

complete, accurate and un-redacted records involving all attorney fees and costs allegedly

incurred by Travelers in the captioned matter including but not limited to the foregoing redacted

items from its incomplete, inaccurate, untrue, alleged attorney fee schedules and costs attached to

3

its motion to remand demonstrates Travelers likely can recover attorney fees and costs against Murphy allegedly incurred by Travelers in the captioned matter in excess of $75,000 exclusive of interest and costs at the time of removal, if successful.

Travelers' untimely and unverified motion to remand attaches an unverified, unsworn, purported "Bill of Costs" apparently identified as Ex. F attached to its motion to remand filed March 20, 2014 alleging that Travelers incurred attorney fees and costs in the amount of $55,600.41 involving only alleged preparation and prosecution of Travelers' unspecified "motion for sanctions" without identifying and providing all Travelers' additional unspecified attorney fees and costs allegedly incurred by Travelers in the captioned matter involving Travelers' preparation and prosecution of its "petition for special injunction" for which Travelers seeks to impose liability against Murphy in the captioned matter based on Judge Panepinto's unappealable interlocutory order dated October 13, 2011 and entered October 24, 2011purporting to  impose liability for all attorney fees and costs against Murphy and Wilson involving preparation and prosecution of Travelers' "petition for special injunction" and "motion for sanctions" without specifying any amount more than 30 days after final judgment had admittedly been entered on October 25, 2010. Travelers' foregoing unsworn, unverified, purported "Bill of Costs" attached to its motion to remand apparently as Ex. F fails to include all additional attorney fees and costs allegedly incurred by Travelers in the captioned matter including all alleged attorney fees and costs allegedly incurred by Travelers involving preparation and prosecution of its "petition for special injunction" pursuant to Travelers' deliberate "bad faith" attempt  to establish that Travelers' claims can never conceivably exceed the minimum diversity statutory amount in order to defeat removal jurisdiction.  Murphy reasonably estimates that review of Travelers' full, true, complete, accurate and un-redacted

4

records involving all attorney fees and costs allegedly incurred by Travelers in the captioned

matter for which Travelers seeks to impose liability against Murphy pursuant to its foregoing

statutory and rule claims including but not limited to the foregoing attorney fees and costs

allegedly incurred by Travelers involving preparation and prosecution of its "petition for special

injunction" demonstrates Travelers likely can recover attorney fees and costs against Murphy

allegedly incurred by Travelers in the captioned matter in excess of $75,000 exclusive of interest

and costs at the time of removal, if successful.

      Travelers' foregoing inaccurate, untrue, incomplete redacted attorney fee schedules and

costs attached to their motion to remand does not include all the alleged attorney fees and costs

allegedly incurred by Travelers' in the captioned matter from October 2011 to the date of

removal on February 12, 2014 which are approximately equal or exceed the purported, albeit

inaccurate alleged amount for attorney fee and cost items allegedly incurred by Travelers' in the

captioned matter from August 2007 to October 2011 in Travelers' deliberate " bad faith" attempt

to establish that Travelers' claims can never exceed the minimum diversity statutory amount in

order to defeat removal jurisdiction.  Review of the approximate 70 pages of docket entries

including the 30 pages of docket entries from October 2011 to February 12, 2014 confirm that

there are approximately over 190 items for which Travelers' seeks to impose liability against

Murphy for all attorney's fees and costs allegedly incurred by Travelers in the captioned matter

which are approximately equal or exceed the partial, incomplete, untrue, inaccurate, redacted

amount of attorney fee and cost items involving approximately over 230 items from August 2007

to October 2011 which clearly demonstrates that Travelers' claims to impose liability for all

costs and attorney fees in the captioned matter against Murphy pursuant to its foregoing statutory

and rule claims for unspecified damages including garnishment proceedings against Murphy

5

likely exceed the minimum diversity statutory amount in excess of $75,000 exclusive of interest and costs at the time of removal, if successful.  Murphy respectfully submits that, if Travelers' attorney's fees and costs allegedly incurred in preparing and prosecuting a single motion for sanctions to shift costs and counsel fees against Murphy and/or Wilson amount to $55,600.41, Travelers' potential attorney's fees incurred in its garnishment proceedings against Murphy will demonstrate that Travelers foregoing statutory and rule claims including garnishment proceedings seeking to impose liability against Murphy  for all attorney's fees allegedly incurred by Travelers' in the captioned matter  will likely exceed $75,000 exclusive of interest and costs.

Travelers has never filed any alleged Bill of Costs together with an affidavit or verification concerning the amount of all the costs and counsel fees allegedly incurred by Travelers' in the captioned matter for which Travelers claims to impose liability for all costs and counsel fees in the captioned matter pursuant to its foregoing statutory and rule claims including garnishment claim against Murphy which likely exceed $75,000. Travelers has not provided the full, true, complete, accurate and un-redacted alleged fees and costs actually incurred by Travelers in the captioned matter for which Travelers seeks to impose liability for all alleged costs and counsel fees incurred by Travelers in the captioned matter including garnishment claim against Murphy which likely exceed the statutory threshold in the amount of $75,000 exclusive of interest and costs in deliberate "bad faith" and in order to manipulate this Court's jurisdiction contrary to applicable law and the foregoing authorities. Travelers' motion to strike objections seeking non-monetary relief for an unspecified amount of additional costs and counsel fees against Murphy includes all additional alleged costs and counsel fees incurred by Travelers in the captioned matter including from October 2011 to the date of removal on February 12, 2014 pursuant to Pa.R.C.P. 3117 (b) and applicable law and clearly demonstrates that Travelers'

6

claims seeking to impose liability for all attorney fees and costs allegedly incurred by Travelers in the captioned matter against Murphy likely exceed $75,000.00 exclusive of interest and costs at the time of removal, if successful.

The trial judge has never entered any judgment or order in any amount imposing and/or limiting liability for unspecified damages against Murphy or anyone for any alleged attorney fees and costs allegedly incurred by Travelers' in the captioned matter  at any time. There has never been any trial, post-trial, or remand trial proceedings in the captioned matter. The trial judge has never entered any order ordering the prothonotary to enter any judgment against Murphy or anyone including in any amount at any time for any reason in the captioned matter.  On February 14, 2013 the prothonotary entered a final judgment against Anne Wilson, only, in the captioned matter pursuant to Pa.R.C.P. 227.4 which was properly and timely appealed on March 7, 2013 and currently suspended pending substitution of Anne Wilson's personal representative.  The prothonotary has never entered any judgment in any amount imposing or limiting liability against Murphy for all attorney fees and costs allegedly incurred by Travelers in the captioned matter at any time including but not limited to April 3, 2013. Travelers has not presented any competent admissible evidence to establish to a legal certainty that its foregoing statutory and rule claims pursuant to 42 Pa. C.S.A. Section 2503, Pa.R.C.P. 1023.1-1023.4, and garnishment claims pursuant to 3117 (b) seeking to impose unspecified damages and liability against Murphy for all attorney fees and costs allegedly incurred by Travelers in the captioned matter in unspecified amounts cannot exceed the minimum statutory threshold in the amount of $75,000.00 exclusive of interest and costs at the time of removal.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

7

/s/

Robert J. Murphy, Esquire,

Date:

8

Robert J. Murphy, Esquire
Attorney ID 15555
227 Brazilian Avenue
Palm Beach, FL  33480
(561)818-0215
*Robert J. Murphy Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

Anne Wilson                                    :
                                               :        N0. 2:14-CV-00920-TJS
                                               :
                                               :
        v.                                     :
                                               :
Travelers Insurance Company                    :

## CERTIFICATE OF SERVICE

I, Robert J. Murphy, Esquire, hereby certify that Movant, Robert Murphy's, Praecipe to

file the within supplemental verification exhibit to movant Robert Murphy's response to

Travelers' Insurance Company's motion to remand pursuant to 28 U.S.C.A. Section 1653 and

applicable law was filed and served in the United States District Court for the Eastern District of

Pennsylvania in accordance with applicable law including the Electronic Case Filing ("ECF")

system in accordance with the provisions of the Electronic Case Filing Procedure on May 6,

2014 and that a true and correct copy was served on Travelers Insurance Company's counsel at

the below listed address via U.S. First Class Mail,

Postage Prepaid on May 6, 2014:


Jessica M. Heinz Esquire
Cipriani & Werner, P.C.
450 Sentry Parkway, Suite 200
Blue Bell, PA   19422


                                        BY:/s/_____
                                        Robert J. Murphy, Esquire
                                        *Pro Se*