IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE WILSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-920 |
| | : | |
| v. | : | |
| | : | |
| TRAVELERS INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                March 30, 2015

For subject-matter jurisdiction based upon the diversity of citizenship between the parties
to exist, the amount in controversy must exceed $75,000.  In this case, a state trial court imposed
sanctions (in the nature of attorney's fees and costs) against the now-deceased plaintiff and her
attorney after the defendant insurance company claimed that they engaged in improper conduct
while attempting to have judgment entered on a workers' compensation award in the plaintiff's
favor.  The insurance company had the state trial court enter judgment on the sanctions award,
which was well less than $75,000.  While the insurance company was engaged in discovery to
aid in executing on the judgment, the plaintiff's attorney, proceeding *pro se*, removed the matter
to this court on the basis of diversity jurisdiction.

The insurance company now moves to have the court remand this matter to the trial court
because, *inter alia*, the court lacks subject-matter jurisdiction insofar as the amount in
controversy does not exceed $75,000.  The plaintiff's attorney has sought discovery to determine
if the amount in controversy exceeds $75,000, and the insurance company has moved for a
protective order if the court is inclined to allow limited discovery on this issue.  Unfortunately
for the plaintiff's attorney, the record in this case is clear that the amount in controversy does not

exceed $75,000 and his arguments that the amount could exceed $75,000 are patently frivolous. Therefore, as the removing party, he has not satisfied his burden to demonstrate that removal was proper.  As such, the court will deny the attorney's request for jurisdictional discovery and remand this case to the Court of Common Pleas.  In addition, because the plaintiff's attorney had no objectively reasonable basis for removing the case from state court in the first place, the court will permit the insurance company to submit documentation to recover its actual expenses, including any attorney's fees, incurred because of the attorney's wrongful removal.

## I.   APPLICABLE RECORD AND RELEVANT PROCEDURAL HISTORY[1]

### A.   Proceedings Prior to Removal to Federal Court

This matter comes before the court after a lengthy and contentious history that started with the filing of a workers' compensation claim in 1983.  *See Wilson v. Travelers Ins. Co.*, No. 893 C.D. 2007, 2008 WL 9406439, at *1 (Pa. Cmwlth. July 8, 2008) ("*Wilson I*").  More specifically, the action commenced when James Wilson ("Mr. Wilson"), the now-deceased husband of the now-deceased plaintiff, Anne Wilson (the "plaintiff" or "Mrs. Wilson"), filed a petition under Pennsylvania's Workers' Compensation Act, 77 P.S. §§ 1-1041.4, 2501-2708, claiming that an occupational disease caused him to become totally disabled.  *Id.*  After Mr. Wilson died in 1990, the plaintiff filed a fatal claim petition alleging that he died from an occupational disease.  *Id.* at *2.  After approximately 15 years of litigating the fatal claim petition, Workers' Compensation Judge Susan Kelley ("WCJ Kelley") granted the petition and entered a fatal claim award in favor of the plaintiff on May 16, 2006.  *Id.* at *2-4.  The award totaled approximately $517,958.41.  *See Wilson v. Travelers Ins. Co.*, No. 659 C.D. 2008, 2010

---

[1] Unless otherwise noted by a specific citation, all references to the record and procedural history in this case are to documents contained in the underlying state court record, which was filed with the court, *see* Doc. No. 18, and is incorporated herein.  The court has excluded particular citations to the state court record for sake of brevity and to avoid any confusion due to the lengthy and unique procedural history of this case, including the numerous appeals filed by the plaintiff.

WL 9519213, at *1 (Pa. Cmwlth. Jan. 29, 2010) ("*Wilson II*").  The Workers' Compensation Appeal Board (the "Board") affirmed WCJ Kelley's decision and, in May 2007, the plaintiff and Mr. Wilson's employer, Allied Signal, Inc. ("Allied"), filed petitions for review of the Board's decision with the Commonwealth Court of Pennsylvania.  *Id.* at *1.

Despite the pending petitions for review, on May 16, 2007, the plaintiff filed two documents in the Court of Common Pleas of Philadelphia County:  (1) a praecipe to enter judgment on the fatal claim award in the amount of $517,958.41, including penalties, interest, and attorney's fees, against Travelers Insurance Company ("Travelers"), and Allied, and (2) a praecipe for a writ of execution in the amount of $517,958.41, along with $26,140.16 in interest and $1,634.45 in costs.[2]  Travelers filed a motion to open/strike the judgment on May 24, 2007. In June 2007, the plaintiff apparently also filed a praecipe for writ of execution in Montgomery County.  *See Wilson I* at *9.  The Honorable Gary Di Vito of the Court of Common Pleas of Philadelphia County entered an order granting the motion to open/strike the judgment and striking the judgment from the record on July 12, 2007.[3]  On July 20, 2007, the plaintiff filed an emergency motion for reconsideration of the order striking the judgment, which Judge Di Vito granted on August 7, 2007.[4]

Travelers filed a petition for a special injunction on August 14, 2007.  In the petition, Travelers alleged that although it appealed from the Board's decision, it had hand-delivered a check in the amount of $545,733.02 (the total set forth in the writ of execution) to the plaintiff on July 2, 2007, and the plaintiff and her attorney, Robert J. Murphy ("Murphy"), had endorsed the

---

[2] Travelers was Allied's workers' compensation insurance carrier.  *Wilson I* at *1, n.2.
[3] In the order, Judge Di Vito indicated that he struck the judgment because two fatal defects appeared in the record: (1) the plaintiff failed to notify all of the parties that she was seeking to enter the judgment, and (2) the plaintiff filed the praecipe while the petitions for review were pending before the Commonwealth Court.
[4] On the same day, the plaintiff filed an appeal from the July 12, 2007 order to the Superior Court of Pennsylvania. The Superior Court docketed this appeal at No. 2245 EDA 2007.

hand-delivered check on July 20, 2007.  Despite having endorsed the check, Travelers averred that the plaintiff refused to mark the outstanding judgments as satisfied and sought to continue collecting upon the judgments because she asserted that Travelers and Allied owed her and Murphy additional counsel fees and costs.  Travelers also alleged that it issued additional checks to the plaintiff, but Murphy asserted he did not receive the checks and was not present at his office when Travelers attempted to hand-deliver the checks to him.  Travelers explained that it had attempted to amicably resolve the case with the plaintiff (and Murphy), but the plaintiff continually refused to mark the judgment satisfied and threatened to file the judgment in counties throughout the Commonwealth.  As such, Travelers sought a court order requiring the plaintiff to mark the judgment as satisfied and prohibiting the plaintiff from entering the judgment in any county, including reentering it in Philadelphia County.

Judge Di Vito entered an order granting the petition for a special injunction on September 12, 2007.  In the order, Judge Di Vito (1) prohibited the plaintiff from entering the judgment in any county in the Commonwealth of Pennsylvania and reentering the judgment in Philadelphia County; (2) ordered that the plaintiff had ten days to mark the judgment satisfied; and (3) provided that the special injunction would continue in effect until further order of court.  The plaintiff filed an appeal from Judge Di Vito's September 12, 2007 order with the Superior Court on September 19, 2007.[5]

While the appeal from the September 12, 2007 order was pending with the Commonwealth Court, Travelers filed a motion for sanctions on October 18, 2007.[6]  Judge Di

_____

[5] The Superior Court docketed this appeal at No. 2629 EDA 2007.  On December 11, 2007, the Superior Court transferred the plaintiff's appeals at Nos. 2245 EDA 2007 and 2629 EDA 2007 to the Commonwealth Court.  *See Wilson v. Workers Compensation Appeal Bd.*, No. 2629 EDA 2007 (Pa. Super. Dec. 11, 2007); *Wilson v. Travelers Ins. Co.*, No. 2245 EDA 2007 (Pa. Super. Dec. 11, 2007).  The Commonwealth Court docketed these appeals at Nos. 2298 CD 2007 and 2297 CD 2007, respectively.

[6] According to the docket entries from the state court, Travelers also filed a motion for sanctions on November 21, 2007.

Vito denied the motion on November 26, 2007, because he determined that under Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure the court lacked jurisdiction over the motion due to the pending appeal.  Judge Di Vito entered another order on January 2, 2008, in which he granted Travelers' motion for sanctions and required the plaintiff and Murphy to pay Travelers' costs and attorney's fees associated with preparing and prosecuting the petition for special injunction and motion for sanctions.  Judge Di Vito also required Travelers to present a bill of costs justifying the sought-after fees and costs.  The plaintiff filed an appeal from Judge Di Vito's order on January 10, 2008.[7]

Regarding the cross-appeals from the Board's decision, the plaintiff's appeal from the order granting the motion to strike the judgment, and the plaintiff's appeal from the order granting the special injunction, the Commonwealth Court resolved these appeals on July 8, 2008. *See Wilson I*.  In the Commonwealth Court's decision, the court (1) reversed the part of the Board's decision in which the Board denied attorney's fees to the plaintiff with respect to the claim petition, (2) affirmed the Board's decision in all other respects, (3) affirmed the order granting the special injunction, and (4) denied as moot the appeal from the order striking the judgment.[8]  *See Wilson I* at *5-10.  The parties filed motions for reargument, which the Commonwealth Court denied on August 29, 2008.[9]  The plaintiff filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on September 29, 2008, which the Court denied on May 6, 2009.[10]

---

[7] Travelers filed a bill of costs on January 14, 2008.  The plaintiff filed exceptions to the bill of costs on January 22, 2008.  The plaintiff also later filed an appeal from the filing of the bill of costs to the Commonwealth Court on February 7, 2008.

[8] The Commonwealth Court also indicated that "the egregious conduct of the parties' counsel in this case does not go unnoticed by this court."  *Wilson I* at *10 n. 26.  The court then went on to discuss "but a fraction" of counsel's conduct that the court found egregious.  *Id.*

[9] *See Wilson v. Allied Signal, Inc.*, No. 2298 CD 2007 (Pa. Cmwlth. Aug. 29, 2008).

[10] *See Wilson v. Allied Signal, Inc.*, No. 534 EAL 2008 (Pa. May 6, 2009).

Travelers filed an emergency petition for a special injunction on August 10, 2009. On September 24, 2009, Judge Di Vito granted the petition and stayed all workers' compensation proceedings until the workers' compensation judgment was "deemed satisfied."[11] Judge Di Vito also ordered that his order would become effective upon Travelers presenting a bond in the amount of $1,000, and the injunction would remain in effect until further order of court. *Id.*

The plaintiff appealed from Judge Di Vito's September 24, 2009 order to the Superior Court on October 28, 2009. Travelers posted the $1,000 bond on November 16, 2009. The plaintiff then filed another notice of appeal to the Superior Court on December 10, 2009.[12]

On January 29, 2010, the Commonwealth Court filed an unpublished memorandum opinion resolving the plaintiff's appeal from the January 2, 2008 order imposing sanctions. *See Wilson II.* In this decision, the court concluded that although Judge Di Vito had jurisdiction to enter the order, he did not enter any "specific findings of fact regarding the obdurate, dilatory or vexatious nature of [the plaintiff's] conduct" to support the sanctions award.[13] *Wilson II* at *3-4. Therefore, the court "reluctantly" vacated the order and remanded the issue regarding the award of attorney's fees "so that [the trial court] may set out the statutory basis for its award of attorney's fees and make findings of fact necessary to support such an award."[14] *Id.* at *4.

On October 25, 2010, the plaintiff filed a praecipe to have the prothonotary mark the judgment as satisfied "in accordance with the court's order dated September 12, 2007 and

---

[11] The order contains a stamp showing that it was "uncontested."

[12] On February 23, 2010, the Superior Court quashed this appeal as being untimely, unnecessary, and duplicative. *Wilson v. Travelers Ins. Co.*, No. 3735 EDA 2009 (Pa. Super. Feb. 23, 2010).

[13] The court noted that Travelers "in its Motion for Sanctions, complains of a number of different acts and omissions by [the plaintiff], which the trial court could reasonably find to be obdurate, vexatious or dilatory." *Wilson II* at *4, n.7.

[14] The plaintiff filed an application for reargument with the Commonwealth Court on February 12, 2010, and the court denied the application on March 26, 2010. The plaintiff then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on April 26, 2010, which the Court denied on October 20, 2010.

docketed September 12, 2007, incorporated herein, granting preliminary injunction."[15]   On November 23, 2010, the plaintiff then filed yet another appeal from the judgment purportedly entered on October 25, 2010, to the Superior Court.[16]

Travelers filed another motion for sanctions and a supporting memorandum of law on March 11, 2011.   In response to the motion, the plaintiff filed a document titled, "Plaintiff/Claimant, Anne Wilson's, and her Counsel's Objections, Motion to Strike, Dismiss or Deny, Answer, Brief and Exhibits to Defendants' Purported Motion for Sanctions Filed in Violation of Federal and Pennsylvania Constitutions, and the Mandatory Provisions Under Pa. R.C.P. 1023.1-1023.4 and Applicable Law and Decisions" and a supporting memorandum of law on March 31, 2011.  On April 13, 2011, Travelers filed a reply brief in support of the motion for sanctions.

The plaintiff filed an "Emergency Motion for Sanctions Pursuant to PA. R.C.P. 4003.1(a)(b)(c), 4003.4, 4003.5, 4007.1(d)(1)(e), 4009.1, 4009.11, 4011, 4016, 4019 and Applicable Law" on August 18, 2011.  The plaintiff and Murphy then filed a document on August 25, 2011, titled:

> Emergency Motion to Vacate and/or Nullify the Proceedings and Orders Including Defendants' Motion for Sanctions Seeking Costs as Counsel Fees and Grant New Proceedings and/or Sanctions Including Resulting from the Tribunal's and Defendants' Admitted and Repeated Violations of the Code of Judicial Conduct and Rules of Professional Conduct Involving Improprieties and/or Appearance of Impropriety in the Captioned Proceedings Pursuant to Plaintiff's Fundamental Constitutional and Legal Rights to Due Process, Equal Protection, Adequate Remedy, Administration of Right and Justice Without Sale, Denial or Delay, and a Fair and Impartial Decision Based on a Fair, Complete, Accurate and Impartial Record by a Competent Tribunal Having Jurisdiction to Decide the Issues under the United States Constitution 14th Amendment and Pennsylvania Constitution Art. I Sec. 1 and 11, Art. V Sec. 1, 5, 9, 10, and 17 and Applicable Law.

---

[15] The plaintiff attached a copy of the September 12, 2007 order to the praecipe.
[16] Upon the plaintiff's application, the Superior Court transferred the appeal to the Commonwealth Court.  *See Wilson v. Travelers Ins. Co.*, No. 3168 EDA 2009 (Pa. Super. Mar. 7, 2011).

On August 30, 2011, the Honorable Paul Panepinto entered rules to show cause as to why the court should not grant the two motions and scheduled the rule returnable date for September 7, 2011.

Travelers filed an answer to the plaintiff's emergency motion for sanctions on September 1, 2011, and filed a response to the motion to vacate or nullify proceedings on September 6, 2011. It appears that Judge Panepinto held a motions hearing on September 7, 2011.[17] After the hearing, the plaintiff filed another brief in opposition to Travelers' motion for sanctions on September 9, 2011, which apparently compelled Travelers to file a surreply on September 14, 2011.

The plaintiff filed a supplemental motion and brief in support of her various motions on September 16, 2011. The plaintiff then filed a motion to have Judge Panepinto recuse himself from hearing the case on September 19, 2011. Travelers filed a response to the supplemental motion on September 30, 2011. The plaintiff filed a reply brief on October 7, 2011.

On October 13, 2011, Judge Panepinto entered orders (1) denying the plaintiff's motion to vacate or nullify all proceedings, (2) denying the plaintiff's motion to recuse, (3) denying the plaintiff's emergency motion for sanctions, and (4) granting Travelers' motion for a protective order precluding the plaintiff from seeking certain depositions. Judge Panepinto also entered an order granting Travelers' motion for sanctions and ordered that the plaintiff **and** Murphy "are required to pay [Travelers] all costs and attorneys' fees associated with the preparation and prosecution of the Petition for Special Injunction pursuant to Defendant's Bill of costs to be

---

[17] There is no specific notation in the docket entries in the state court action that this hearing occurred. Nonetheless, the plaintiff references it in at least a couple of the state-court submissions. *See, e.g.*, Pl., Anne Wilson's, Supp. Br. Together with Attached Exhibits Contra Defs.' Mot. for Sanctions at 1 (referencing evidentiary hearing on September 7, 2011), State Ct. R.; Pl.'s Reply Br. To Def., Travelers Ins. Co.'s Response Including Seeking a Protective Ord. in Opp. to Pl.'s Emergency Supplemental Mot. and Br. in Supp. of Pl.'s Pending Mots. Including Mots. for Sanctions, Nullification, Continuance and to Enforce Subpoena Duces Tecum and Sur Pl.'s Opp. to Defs.' Mot. for Sanctions Seeking Costs as Counsel Fees at Exs. 1-6, portions of transcript of Sept. 7, 2011 Hrg. Before J. Panepinto, State Ct. R.

submitted to this Court for approval within ten (10) days of the date of this order."  In the same order, Judge Panepinto required the plaintiff and Murphy to pay Travelers "all costs and attorneys['] fees associated with the preparation and prosecution of the instant Motion for Sanctions upon presentation of Defendants' Bill of Costs to be submitted to this Court for approval within ten (10) days of the date of this order."[18]

Travelers filed a bill of costs on October 26, 2011.  The bill of costs indicates that Travelers incurred attorney's fees and costs in the amount of $55,600.41.

The plaintiff and Murphy filed an appeal from the aforementioned order (and other "interlocutory orders") with the Superior Court on October 27, 2011.[19]  On November 16, 2011, the plaintiff and Murphy filed exceptions, objections, and a motion to strike the bill of costs.  It appears that the plaintiff unfortunately passed away on January 5, 2012.[20]

Travelers filed a motion to strike the plaintiff's and Murphy's exceptions and objections to the bill of costs on January 27, 2012.  The plaintiff filed an answer to the motion to strike on February 15, 2012.  Travelers filed a reply in support of the motion to strike on February 21, 2012, and the plaintiff filed a surreply brief on March 5, 2012.  On March 8, 2012, the Honorable Leon W. Tucker entered an order dismissing (1) the plaintiff's and Murphy's objections, exceptions, and motion to strike bill of costs, and (2) Travelers' motion to strike the plaintiff's objections, exceptions, and motion to strike bill of costs.  Predictably, the plaintiff and Murphy appealed from this order on March 27, 2012.[21]

---

[18] According to the docket, this order was not entered until October 24, 2011.
[19] This appeal was docketed at Superior Court No. 2902 EDA 2011.  The Superior Court transferred the appeal to the Commonwealth Court on January 23, 2012.
[20] Although the plaintiff appears to have unfortunately died on this date, Murphy did not file a suggestion of death until October 2012.
[21] This appeal was docketed at Superior Court No. 1098 EDA 2012.  The Superior Court transferred the appeal to the Commonwealth Court on May 10, 2012.  This case was docketed at No. 1279 CD 2012.  The Commonwealth Court quashed the appeal because of the plaintiff and Murphy's failure to comply with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.  *Wilson v. Honeywell, Inc.*, No. 1279 CD 2012 (Pa. Cmwlth. July 20,

On March 28, 2012, the Commonwealth Court quashed the plaintiff's and Murphy's appeal from Judge Panepinto's October 13, 2011 orders because they were not final orders.[22] The plaintiff and Murphy filed a motion for reconsideration/reargument, which the Commonwealth Court denied on April 24, 2012. The plaintiff and Murphy then filed a petition for review with the Supreme Court of Pennsylvania on May 24, 2012, which the Court treated as a petition for allowance of appeal and then denied the petition on August 30, 2012.

The plaintiff and Murphy filed another set of exceptions to the bill of costs on September 18, 2012. Travelers filed a motion to strike the exceptions on September 20, 2012. The plaintiff and Murphy filed an answer and objections to the motion to strike on October 11, 2012. Judge Tucker denied Travelers' motion to strike the exceptions to the bill of costs on November 7, 2012.

On February 14, 2013, Travelers filed a praecipe to enter judgment against Murphy on Judge Panepinto's October 13, 2011 order.[23] The plaintiff and Murphy filed an appeal from the praecipe to enter judgment to the Superior Court on March 7, 2013.[24]

Travelers filed a praecipe for a writ of execution on the judgment on March 27, 2013.[25] On April 3, 2013, the prothonotary entered a "corrective entry" so that the "judgment is now entered against plaintiff's counsel Robert J. Murphy Esq."[26]

---

2012). The plaintiff and Murphy filed an application for reconsideration, which the court denied on August 13, 2012.

[22] *See Wilson v. Honeywell, Inc.*, No. 485 CD 2012 (Pa. Cmwlth. Mar. 28, 2012).

[23] The praecipe sought the entry of judgment against only Murphy and did not seek judgment against the plaintiff. Nonetheless, the prothonotary apparently entered judgment against only the plaintiff.

[24] This appeal was docketed at No. 868 EDA 2013. The Superior Court transferred the case to the Commonwealth Court on April 9, 2013.

[25] In addition to the $55,600.41 encompassed by the judgment, Travelers sought $216.00 in costs.

[26] The corrective entry noted as follows:

A Praecipe for the Entry of Judgment was filed on 2/14/2013. The praecipe sought to enter judgment against counsel for Anne Wilson, Robert J. Murphy, Esq. However, the judgment was docketed incorrectly against Anne Wilson. Subsequently, on March 12, 2013, the Office of the Prothonotary made a corrective entry in the docket text to conform the docket entry to the praecipe

The plaintiff and Murphy filed an emergency motion for special relief seeking to vacate and strike the judgment and the writ of execution on April 9, 2013.  On April 25, 2013, the Honorable Ellen Ceisler entered an order denying this emergency motion.[27]

On April 25, 2013, the plaintiff and Murphy also filed appeals from the prothonotary's corrective entry on April 3, 2013, and from the other corrective entry entered on April 25, 2013.[28]  The plaintiff and Murphy also filed an emergency motion and application on May 14, 2013, in which they sought to have the court (1) strike, vacate, stay, enjoin, or supersede the execution proceedings, or (2) issue a supersedeas and stay of execution proceedings.  On that same date, they filed a motion for reconsideration of the court's April 25, 2013 order denying the emergency motion.  Judge Ceisler denied the emergency motion and application seeking to, *inter alia*, stay the execution proceedings on May 15, 2013, and the judge denied the motion for reconsideration on May 16, 2013.

At Travelers' request, Judge Tucker issued a rule to show cause why the plaintiff's successors-in-interest should not be substituted as parties on August 21, 2013.  The plaintiff filed a response to the rule on September 27, 2013.  On October 3, 2013, Judge Tucker entered an

---

for entry of judgment.  Accordingly, the judgment is now entered against plaintiff's counsel Robert J. Murphy Esq.  It is further noted that the praecipe for judgment did not seek judgment against the plaintiff, Anne Wilson.

Notice of the entry of March 12th, 2013 was not given to the parties of record.  Now, this day of 4/3/13, notice is given to all parties of record.

4-3-13 Prothonotary's Corrective Entry, State Ct. R.

[27] On the same date, the prothonotary also issued a corrective entry because the docket erroneously reflected that Judge Tucker entered the order.

[28] The Commonwealth Court quashed the appeal from the April 3, 2013 order correcting the docket entry.  *Wilson v. Honeywell, Inc.*, No. 1398 CD 2013 (Aug. 28, 2013).  The Commonwealth Court also dismissed the appeal from the April 25, 2013 order correcting the name of the judge that issued the order because the plaintiff and Murphy failed to comply with Rule 1925(b).  *Wilson v. Honeywell, Inc.*, No. 1569 CD 2013.  In this order, the Commonwealth Court observed that "any continued entertainment of this appeal would demean this Court's appellate function and authority.  Indeed, allowing such an appeal to proceed would encourage continued incompetence and incomprehensible diatribes of this nature would result in a gross waste of judicial time and resources to the prejudice of legitimate litigants."  *Id.*

order substituting the plaintiff's successors, Sheila Wilson and Donald Crichton, as parties in place of the plaintiff and requiring the plaintiff to effect the substitution in accordance with the order.

On January 17, 2014, Travelers filed a motion to strike objections and compel answers to interrogatories.[29]  The plaintiff and Murphy filed an answer and response to the motion to strike objections and compel answers to interrogatories on February 6, 2014.

### B.    Murphy's Removal and Procedural History Thereafter

On February 12, 2014, Murphy filed a notice of removal.  Doc. No. 1.  In the notice of removal, Murphy asserts that (1) the court has original jurisdiction over the case under 28 U.S.C. § 1332, and (2) the case is properly removable "because it is an alleged civil action/proceeding that is between citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs."  Not. of Removal at ¶¶ 2, 3.  He also avers that he is a citizen of the state of Florida and Travelers is a citizen of the state of Connecticut.  *Id.* at ¶¶ 5, 6.  Murphy further alleges that he will provide written notice of the notice of removal to Travelers.  *Id.* at ¶ 8.  Murphy filed a jury demand on February 26, 2014.  Doc. No. 2.

Travelers filed a motion to remand on March 20, 2014.  Doc. No. 4.  In the motion to remand, Travelers argues that the court should remand this action to the Court of Common Pleas of Philadelphia County because (1) the amount in controversy does not exceed $75,000, (2) no execution proceedings are currently pending against Murphy, (3) any execution proceedings

---

[29] In the motion, Travelers indicated that, *inter alia*, it had filed a praecipe for writ of execution on March 27, 2013, and "a Writ was subsequently issued that same day for service at, and levy upon, [] Murphy's premises located at 2341 Pennsylvania Avenue, Philadelphia, PA."  Travelers had included "Interrogatories to Judgment Debtor, Robert J. Murphy" with the writ package.

In addition to having served Murphy with the interrogatories along with the writ, Travelers averred that it served Murphy with debtor interrogatories via first-class mail on May 21, 2013, and Murphy filed objections to the interrogatories in June 2013.  Travelers further alleged that on or about July 3, 2013, the Philadelphia Sheriff's Office filed an affidavit indicating that it had not served Murphy with the writ of execution.  In response to the affidavit, Travelers indicated that it filed the instant motion so that it could determine Murphy's assets prior to reissuing the writ of execution.

would be auxiliary or supplemental to the original proceedings, and (4) the action is non-removable under 28 U.S.C. § 1445(c) because the original proceeding arose under Pennsylvania's workers' compensation laws.  Mot. to Remand by Travelers Ins. Co. ("Mot. to Remand") at ¶¶ 3-23.  Travelers also claims that Murphy removed the case simply to further delay Travelers from executing on the judgment against him, and it notes that Murphy removed the case only a few days after filing his response to Travelers' motion to strike.  *Id.* at ¶¶ 24-25.

Murphy filed a response to the motion to remand and a supporting brief on April 3, 2014.  *See* Doc. Nos. 5, 6.  Travelers filed a reply brief on April 9, 2014.  Doc. No. 7.  Murphy filed a motion to strike and a response to Travelers' reply brief on April 22, 2014.  Doc. No. 8. On the same date, the Honorable Petrese B. Tucker reassigned this case from the Honorable Timothy J. Savage to the undersigned.  Doc. No. 9.

Travelers filed a response in opposition to the motion to strike on May 6, 2014.  Doc. No. 10.  On the same date, Murphy filed a praecipe to file a supplemental verification to his response to the motion to remand.  Doc. No. 11.  The next day, he filed a motion for jurisdictional discovery.  Doc. No. 12.

On May 21, 2014, Travelers filed a response to the motion for jurisdictional discovery and requested a protective order.  Doc. No. 14.  On June 4, 2014, Murphy filed a memorandum in support of his motion for discovery and in opposition to Travelers' request for a protective order.  Doc. No. 15.  On August 28, 2014, Travelers filed a surreply to Murphy's response to its request for a protective order.  Doc. No. 18.

## II.    DISCUSSION

Presently before the court are the following motions and requests:  (1) Travelers' motion to remand the case to the Court of Common Pleas of Philadelphia County; (2) Murphy's motion

to strike; (3) Murphy's motion for jurisdictional discovery; (4) Travelers' motion/request for a protective order; and (5) Travelers' request for counsel fees and costs in connection with the removal. The court will address each motion and request in turn, starting with the motion to strike.

## A.      Murphy's Motion to Strike

The court easily disposes of Murphy's "motion" to strike because it is, *inter alia* (1) not in the proper form of a motion, (2) verbose, confusing, and unnecessarily repetitive, and (3) insufficient to justify the award of any relief. Regarding the form of the motion to strike, Rule 7(b) of the Federal Rules of Civil Procedure provides requirements for the form of motions and states as follows:

**(b) Motions and Other Papers.**

**(1) *In General.*** A request for a court order must be made by motion. The motion must:

**(A)** be in writing unless made during a hearing or trial;

**(B)** state with particularity the grounds for seeking the order; and

**(C)** state the relief sought.

**(2) *Form.*** The rules governing captions and other matters of form in pleadings apply to motions and other papers.

Fed. R. Civ. P. 7(b). As indicated by Rule 7(b)(2), Rule 10 of the Federal Rules of Civil Procedure, which governs the form of pleadings, also applies to motions. Fed. R. Civ. P. 7(b)(2); *see Palmer v. Security Nat'l Bank*, No. Civ.A. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001) (indicating that "Rule 10(b)'s requirement of numbered paragraphs . . . appl[ies] generally to motions"). Rule 10(b) provides in pertinent part that "[a] party *must* state its claims

or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (emphasis added).

Other than the fact that Murphy's motion to strike is in writing, it does not otherwise comport with the requirements of Rules 7(b) and 10(b) for the following reasons:  First, the motion does not comply with Rule 10(b) because Murphy does not state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." *Id.*  Instead, Murphy does not even attempt to distinguish the motion to strike from his response to the reply brief.  There are no numbered paragraphs whatsoever and the document more closely resembles a rambling narrative, which corresponds with the form of his many briefs and responses that he has filed in this matter.  No part of the document remotely resembles a motion in the form contemplated by Rules 7 and 10.

Second, the motion does not comply with Rule 7(b)(1)(C) because it does not state the relief sought.  Although Murphy uses 31 pages to convey his thoughts about Travelers' motion to remand and the reply brief, at no point in the entire document does he actually identify what he believes that the court should strike.  While the court could presume that Murphy is requesting that the court strike Travelers' reply brief based upon Murphy's repeated attacks on this document in which he claims that it allegedly (1) is untimely filed, (2) lacks a verification, and (3) improperly raises issues for the first time, it is Murphy's responsibility, and not the court's responsibility, to specifically identify the relief sought.  *See* Fed. R. Civ. P. 7(b)(1)(C).  Additionally, Murphy's failure to state the relief he is seeking is particularly evident in the proposed order attached to the motion.  In the proposed order, Murphy states that "upon consideration of [his] motion to strike and response to Travelers' reply memo and Travelers' answer thereto[,] [his] motion to strike and response to Travelers' reply memo in support of its

motion to remand is granted and Travelers' motion to remand is denied."  Proposed Order, Doc. No. 8.  The proposed order does not identify what Murphy would have the court strike, and it does not explain why the court would "grant" his response to Travelers' reply brief.[30]

Finally, Murphy's motion violates Rule 7(b)(1)(B) because Murphy has not stated with particularity the grounds for seeking the order.  While the court is cognizant of the general obligation to liberally construe documents filed *pro se*, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (directing that "[t]he handwritten pro se document is to be liberally construed"), Murphy is a licensed attorney in the Commonwealth of Pennsylvania and this doctrine is and should be inapplicable to the documents he submits with this court.  *See, e.g.*, *Ponte v. Chase Bank USA, N.A.*, No. 12-13901, 2013 WL 5818560, at *4 (E.D. Mich. Oct. 29, 2013) (referencing cases dealing with attorneys proceeding *pro se* and concluding that "[a]lthough proceeding *pro se*, because [the *pro se* plaintiff] is a licensed attorney practicing in this District, his complaint is not entitled to the liberal construction generally afforded to the pleadings of *pro se* plaintiffs").  Additionally, the court's review of the Eastern District of Pennsylvania's Electronic Case Filing ("ECF") docket reflects that Murphy has filed numerous actions in federal court, so he should be well aware of the Federal Rules of Civil Procedure and this court's Local Rules of Civil Procedure.

Even if the court were to ignore all of the technical improprieties with Murphy's motion and the unnecessarily verbose and repetitive nature of the document, and even if the court were to presume that Murphy was seeking to strike Travelers' reply brief, Murphy still would not be entitled to relief.  Murphy repeatedly indicates that the reply brief is untimely, unverified, and

---

[30]The proposed order also violates Rule 7.1(a) of this court's Local Rules of Civil Procedure, which requires that "[e]very motion . . . be accompanied by a form of order which, if approved by the court, would grant the relief sought by the motion."  E.D. Pa. Loc. Civ. R. 7.1(a).  As thoroughly discussed above, the proposed order does not identify what the court should strike.

improperly raises issues for the first time.  *See, e.g.*, Robert Murphy's Mot. to Strike and Resp. to Travelers Ins. Co.'s Untimely, Unverified Reply Mem. in Supp. of its Mot. to Remand ("Mot. to Strike") at 1, 2, 4, 5, 8, 9, 10, 15, 20 n.2, 26, 27, 29.  These appear to be the grounds upon which Murphy contends the court should strike the brief.  Unfortunately for Murphy, none of these grounds have merit.

In the first instance, Travelers' reply brief was timely filed.  The court notes that there is no Federal Rule of Civil Procedure or Local Civil Rule specifically addressing the filing and timing of reply briefs.  Nonetheless, at the time that Travelers' filed the reply brief, Judge Savage was presiding over this matter.  Judge Savage has crafted certain policies and procedures addressing motions practice before him, and those policies and procedures have a section dealing with the filing and timing of reply briefs.  More specifically, Judge Savage's policies and procedures state that a party may file a reply brief within seven days of service of an opponent's brief in opposition.  *See* Judge Savage's Policies and Procedures, § 4.B., *available at* https://www.paed.uscourts.gov/documents/procedures/savpolb.pdf  ("Reply briefs, addressing only issues raised in the brief in opposition and not repeating arguments in the brief, may be filed within seven days of service of the opponent's brief in opposition and shall be limited to ten pages.").  Here, Murphy filed his brief in opposition to the motion to remand on April 3, 2014, and Travelers filed the reply brief on April 9, 2014, which was six days later.  Thus, Travelers timely filed the reply brief.

Secondly, Murphy constantly references that the reply brief (and the original motion to remand) is improperly unverified despite not citing to any federal case, Federal Rule of Civil Procedure, or Eastern District of Pennsylvania Local Rule of Civil Procedure that would require

that Travelers submit a verification with the reply brief.[31]  The court is also unaware of any such requirement.  Thus, there is no requirement that Travelers submit a verification with its reply brief (or with the motion to remand).[32]

Lastly, Murphy's complaints about Travelers' improperly raising new issues in a reply brief do not warrant any relief.  In this regard, Murphy repeatedly complains about Travelers' improperly raising the issue as to whether Murphy properly provided it with notice of removal as required under 28 U.S.C. § 1446(d).  *See* Mot. to Strike at 2, 5-10.  This court is cognizant of the general principle that a court often will not consider an argument raised for the first time in a reply brief.  *See, e.g.*, *Filer v. Foster Wheeler, LLC*, 994 F. Supp. 2d 679, 692 n.12, 13 (E.D. Pa. 2014) (explaining that district court need not consider arguments raised for the first time in a reply brief).  Nonetheless, this general principle is inapplicable here and would not provide for the relief Murphy seems to desire.

Ordinarily, courts will not consider an argument first raised in a reply brief because there typically are not opportunities for the opposing party to file a surreply.  *See, e.g.*, *Standowski v.*

---

[31] While the legal basis upon which Murphy premises this argument is undeniably unclear, it is remotely possible that he is attempting to impose the Commonwealth of Pennsylvania's requirement that certain legal documents contain a verification.  In this regard, the court notes that Rule 1024(a) of the Pennsylvania Rules of Civil Procedure requires that, *inter alia*, "[e]very **pleading** containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified." Pa.R.C.P. No. 1024(a).  Rule 1024 only applies to "pleadings," which do not include motions.  *See* Pa.R.C.P. No. 1017 (describing allowable "pleadings" under the Pennsylvania Rules of Civil Procedure); Pa.R.C.P. No. 1024(a)-(c) (stating that verification requirements applies to pleadings).  Rule 208.2 of the Pennsylvania Rules of Civil Procedure, however, does apply to motions and it specifically states that "[a] motion need not be verified unless verification is required by general rule governing the particular motion or by order of court." Pa.R.C.P. No. 208.2(b).  Regardless, those rules are inapplicable to this court, and cannot form the basis for requiring Travelers to submit a verification with its motion to remand or its reply brief.

In addition, while neither of these Federal Rules of Civil Procedure apply specifically to reply briefs, the court notes that Rule 11(a) does not require a verification for pleading, *see* Fed. R. Civ. P. 11(a) ("Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."), and Rule 11(b) does not require a verification for a motion, *see* Fed. R. Civ. P. 11(b)(3) (providing that if an attorney signs a written motion and presents it to the court, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

[32] Even if such a verification was necessary, at best Travelers would not get the benefit of any uncontested factual allegations in the motion (such as the debate over whether Murphy served travelers with the notice of removal).

*Colvin*, No. CIV.A. 13-5663 FLW, 2015 WL 404659, at *16 n.15 (D.N.J. Jan. 29, 2015) ("Generally, a court does not consider arguments raised for the first time in a reply brief, because the opposing party does not have an opportunity to respond to the argument.")  Here, however, despite not getting permission from the court to file a surreply, Murphy has effectively submitted a surreply to Travelers' reply brief and the court has considered his response in addressing the motion to remand.  Any question about whether it is properly characterized as a surreply is quickly resolved by reference to the title of the document: "Robert Murphy's, [sic] Motion to Strike ***and Response to*** Travelers Insurance Company's Untimely, Unverified Reply Memorandum in Support of its Motion to Remand."  Doc. No. 8 (emphasis added).  Thus, the typical reasons for not considering arguments first raised in a reply brief are not implicated here.

Additionally, Travelers undeniably did not mention in its motion to remand (or supporting memorandum of law) that the court should remand the case because Murphy failed to timely provide it with notice (or provide any notice) of the removal as required by section 1446(d). Nonetheless, Travelers appears to have raised the issue in its reply brief because in Murphy's brief in opposition to the motion to remand, he repeatedly asserted that Travelers has waived various arguments supporting remand because it had untimely filed the motion to remand.  *See* Robert Murphy's Br. Contra Travelers' Ins. Co.'s Untimely Unverified Mot. to Remand ("Murphy's Remand Opp. Br.") at 1-2, 11.

Finally, even if the court determined that Travelers had improperly included the argument about the lack of proper notice in its reply brief, at best, Murphy's remedy would be that the court would not consider Travelers' argument as a ground for remand.  There is no legal basis to support a claim that somehow the court would also decline to consider the entirety of the reply brief (or otherwise strike the document in its entirety) because one of Travelers' arguments was

19

not properly before the court.  Moreover, even if the court would not consider Travelers'
argument relating to Murphy's alleged failure to serve it with notice of removal as an
independent basis to justify remand, the court would not preclude Travelers from arguing that it
had timely filed its motion to remand because it was literally replying to Murphy's contention in
his opposition brief.

Accordingly, as Murphy's motion fails to follow the Federal Rules of Civil Procedure
and the Local Rules of Civil Procedure and otherwise does not warrant any relief, the court will
deny the motion to strike.[33]

### B.      The Motion to Remand

Travelers moves to have the court remand this case to the Court of Common Pleas of
Philadelphia County because (1) the amount in controversy does not exceed $75,000, (2) there is
no jurisdiction over this case insofar as no execution proceedings are currently pending against
Murphy, (3) any future execution proceeding against Murphy would be auxiliary or
supplemental to the original proceeding in state court, and (4) the matter is nonremovable under
28 U.S.C. § 1445(c) because the underlying action is a workers' compensation case.[34]  Mem. of
Law in Supp. of Travelers Ins. Co.'s Mot. to Remand ("Travelers' Remand Mem.") at 10-13.
Travelers also seeks that the court award it attorney's fees and costs relating to the removal
because Murphy improperly removed the case from state court.  *Id.* at 13.  In response to the
motion to remand, Murphy generally asserts that (1) Travelers has not established to a legal
certainty that it cannot recover costs and counsel fees against him in excess of $75,000, and he

---

[33] As discussed *infra*, the court need not consider whether Murphy provided Travelers with proper notice of the
removal because the court has focused on another basis to grant the motion to remand.

[34] With regard to diversity jurisdiction, Travelers has not argued that the parties are not completely diverse.  In
addition, as indicated in the discussion about Murphy's motion to strike, Travelers has also argued that Murphy's
failure to provide it with proper notice of the removal as required by 28 U.S.C. § 1446(d) also divests this court of
jurisdiction to hear this case and, as such, warrants remand to state court.  The court need not address any timing
issues because of our resolution of the issue of whether the court has diversity jurisdiction over this purported
"action."

has proven that it could exceed $75,000, (2) Travelers has waived its non-jurisdictional arguments that removal was improper because it failed to file a timely motion to remand within 30 days after he filed the notice of removal, (3) even if Travelers had timely moved to remand, this action did not "arise" under the Workers' Compensation Act, (4) this is a garnishment proceeding, which is a separate civil proceeding properly subject to removal, and (5) Travelers is not entitled to an award of attorney's fees and costs because he had an objectively reasonable basis for removing the case.  Murphy's Remand Opp. Br. at 1-15.

As discussed in more detail below, Travelers has properly and timely moved to have this court remand this "action" for lack of subject-matter jurisdiction.  Despite Murphy's attempt to contort the record in this case, the record in this case leads to one inescapable conclusion:  this case does not belong in federal court because the amount in controversy does not exceed $75,000.  Accordingly, the court must remand this case to the Court of Common Pleas of Philadelphia County.

### 1.     Applicable Law & Standard of Review for Motions to Remand

With regard to removing state court actions generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Section 1446 sets forth the procedures for removal.  *See* 28 U.S.C. § 1446 (outlining "[p]rocedure for removal of civil actions").  Under this section, a defendant has 30 days to remove an action to federal court.  28 U.S.C. § 1446(a) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . .

. .").  Section 1446(a)'s time limit "is a procedural provision, not a jurisdictional one."  *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (citation omitted).

In cases where removal is based on diversity of citizenship, section 1446(c) provides additional requirements:

> **(c) Requirements; removal based on diversity of citizenship.--(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
>   **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
>      **(i)** nonmonetary relief; or
>
>      **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
>   **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> **(3)(A)** If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).
>
> **(B)** If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

28 U.S.C. § 1446(c).

Once a defendant has removed the case, section 1447(c) provides the following procedure for filing a motion to remand:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). If a party fails to move to remand within 30 days after the notice of removal, any procedural objections are waived; however, a party may raise a jurisdictional defect at any time. *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003) (explaining that section 1447(c) "is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion").

When addressing a motion to remand, the court must strictly construe the federal removal statute, 28 U.S.C. § 1441, and the court must remand the case "if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, No. 13-3526, 2015 WL 774694, at *2 (3d Cir. Feb. 25, 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). "The party seeking removal carries the burden of proving that removal is proper." *Id.* (citing *Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)). In addition, "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

### 2.    Analysis

At the outset, the court notes that Murphy attacks the timeliness of Travelers' motion to remand and asserts that Travelers has waived all of its non-jurisdictional claims due to this

failure.[35]   *See* Robert Murphy's Br. Contra Travelers' Ins. Co.'s Untimely Unverified Mot. to Remand ("Murphy's Br.") at 1-2.   The court need not address this issue because the timeliness issue would (as Murphy appears to acknowledge) apply only to procedural challenges and not to a lack of subject-matter jurisdiction.   *See* 28 U.S.C. § 1447(c) (indicating party can raise lack of subject-matter jurisdiction at any time).   As explained below, the court lacks subject-matter jurisdiction over this "action."

This court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   Murphy has removed the case to this court claiming that this court has diversity jurisdiction over the case.   Notice of Removal at ¶¶ 2, 3. He claims that the amount in controversy exceeds $75,000.   *Id.* at ¶ 3.

---

[35] Although briefly referenced earlier in this opinion, with the filing of Travelers' reply brief, Travelers attempted to inject another issue into this already unusual case by asserting that the court should remand the case because of Murphy's failure to properly provide it with written notice of the removal as required by 28 U.S.C. § 1446(d). Reply of Travelers Ins. Co. to Robert Murphy Esquire's Resp. to Travelers' Mot. for Remand at 1-3, Doc. No. 7. Travelers claims that the failure to give it notice is a jurisdictional issue that warrants remand.   *Id.*   Travelers did not raise this argument in its motion to remand or supporting brief.   Travelers appears to have addressed the general issue of the timeliness of the motion to remand because of Murphy's repeated arguments in his submissions opposing remand that Travelers having waived various non-jurisdictional grounds supporting remand because it had not timely filed the motion to remand within 30 days of the filing of the removal.

Murphy vehemently denies having never served the notice of removal upon Travelers.   *See, e.g.*, Mot. to Strike at 7.   Instead, he says that

> [i]t is undisputed that [he] *filed* a notice of removal on February 12, 2014 and simultaneously *filed* a copy in the Philadelphia Court of Common Pleas on February 12, 2014 and served a copy on Travelers on the same date as confirmed in [his] verified response filed April 3, 2014 contra Travelers' motion to remand *filed* on March 20, 2014.

*Id.*

Unfortunately, the parties' assertions do not resolve the timeliness of Travelers' motion to remand. Murphy, despite his contention that he undisputedly served a copy of the notice of removal upon Travelers, *see* Mot. to Strike at 9 & Ex.1 (stating that he served Travelers' counsel by first class mail, postage prepaid), never filed a certificate of service relating to the notice as required by Rule 5(d)(1) of the Federal Rules of Civil Procedure. Murphy's "verified" assertions in his brief are not a substitute for a certificate of service.   Additionally, Travelers, despite admitting that it received electronic notification from the court's ECF filing system on February 18, 2014, waited until the thirtieth day after that date to file the motion to remand, despite the notice indicating that the notice of removal was filed on "2/12/2014" and section 1447(c)'s express language that a party seeking to file a motion to remand based on non-jurisdictional defects must do so "within 30 days after the ***filing of the notice of removal under section 1446(a)***."   Despite this dispute over service of the notice, the court need not address the timing of Travelers' motion to remand in this case because of our resolution of the motion on jurisdictional grounds.

Generally, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If the non-removing party contests the allegation, "§ 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the [removing party] 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B). Thereafter, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

In this case, the court is faced with an unusual situation insofar as we do not have a typical civil action (if there is an action at all) with a plaintiff and a defendant. Instead, despite Murphy's dispute of his status in this case, we appear to have a judgment debtor (Murphy) and a judgment creditor (Travelers) in a supposed "action" in which, at this stage, Travelers is not currently seeking to execute on the judgment it obtained against Murphy in state court.[36]

Presuming that whatever is happening between Travelers and Murphy is a "civil action" that can be removed to this court, the court undeniably lacks jurisdiction here. Murphy appears to predicate his argument in support of jurisdiction on untenable arguments that are utterly unsupported by the record. In this regard, he asserts that the "initial pleading" in this matter occurred on March 11, 2011, when Travelers moved for sanctions. Murphy's Br. at 7. Murphy points out that this motion did not specify the amount in counsel fees and costs that Travelers'

---

[36] Throughout Murphy's submissions in this case, he contests that there is any judgment entered against him in the Court of Common Pleas. *See, e.g.*, Robert Murphy's Response Contra Travelers Ins. Co.'s Mot. to Remand at ¶ 1, Doc. No. 5. The court notes that if Murphy is not a judgment debtor, as he claims, the court can discern no basis for Murphy to be in federal court as there is clearly no "civil action" involving him as a party in the Court of Common Pleas and, accordingly, this fact would also divest the court of jurisdiction to hear this case and would seemingly be, in itself, a basis for remand.

essentially sought to recover. *Id.* He claims that he has attempted to obtain all of Travelers'
unredacted "fee schedules, invoices, bills, payments and other records regarding all [of its] fees
and costs incurred in the captioned matter from August 2, 2007 through and including February
12, 2014," and if he obtained those documents, the amount in controversy would likely exceed
$75,000. *Id.* at 7-9. Additionally, he contends that

> Travelers' purported alleged fee schedules allegedly in the amount of $55,600.41
> are clearly incomplete, inaccurate and redacted and have been manipulated in bad
> faith to avoid this court's jurisdiction and are limited to alleged partial
> incomplete, inaccurate and redacted costs and counsel fees allegedly incurred
> only from August 2, 2007 to October 12, 2011.

*Id.* at 9.

Contrary to Murphy's arguments above, there is absolutely no evidence in this case from
which the court could determine that the amount in controversy exceeds $75,000. While the
court has significant reservations as to whether this is even a "civil action" that could be
removed, the court will presume, as Murphy would have the court do, that Travelers' motion for
sanctions was the "initial pleading" for purposes of this case. Although Murphy correctly points
out that Travelers' motion did not contain a specified sum of attorney's fees and costs sought as
a sanctions award, he seems to completely ignore what happened thereafter.[37]

More specifically, Judge Panepinto entered an order for sanctions against Murphy and the
plaintiff on October 3, 2011. Judge Panepinto did not award Travelers counsel fees and costs for
the entirety of the litigation; instead, the sanctions were specifically limited to "all costs and
attorneys' fees associated with the preparation and prosecution of the Petition for Special
Injunction." Pursuant to this order, Travelers submitted a bill of costs totaling $55,600.41, to
which Murphy (and his client, despite the fact that she was already deceased) twice filed

---

[37] It is also possible that he believes that the alleged invalidity of those subsequent actions would change the court's
determination of the amount in controversy in this case. As explained later in this opinion, it would not.

exceptions and objections. The trial court dismissed those exceptions and objections and Travelers then filed a praecipe for the entry of judgment against only Murphy on February 14, 2013. For some reason, despite the language in the praecipe indicating that the prothonotary should enter judgment against only Murphy, the prothonotary entered judgment against the late Anne Wilson. To remedy this administrative or clerical error, the prothonotary apparently entered a corrected docket entry on March 12, 2013, to indicate that the judgment was entered against Murphy. The prothonotary apparently failed to give notice of this corrective entry on that date as it was required to do under the Pennsylvania Rules of Civil Procedure, so it issued a notice on April 3, 2013, regarding the March 12, 2013 corrective entry.

This subsequent history renders moot the unliquidated sum that Travelers' requested in its initial motion for sanctions. The court neither needs to look at Travelers' legal fees and costs that were unrelated to the preparation and prosecution of the petition for special injunction (as Murphy requests in his motion for jurisdictional discovery), nor does the court have to examine the counsel fees, costs, and other expenses that Travelers possibly incurred with respect to the petition for special injunction (as Murphy would also like the court to do). Travelers had an opportunity to present those fees and costs that it sought to collect as part of the sanctions award, Murphy had a chance to object to them, and the state court dismissed the objections. The fact that Travelers could have sought more fees and costs is irrelevant, especially once Travelers filed a praecipe and had judgment entered by the Prothonotary. At this point, the only amount that Travelers can collect is the amount contained in that judgment, *i.e.* $55,600.41.[38]

Murphy appears to attempt to navigate around this by asserting that Travelers could somehow predict at the time it submitted its bill of costs for $55,600.41 that he would take this

---

[38] Importantly, even if Travelers did not have that judgment, it would still appear that the maximum that Travelers could collect would be $55,600.41 because that was the amount it included in its bill of costs.

unprecedented action and attempt to remove a case (in which he was not even a party) to federal court, and it attempted to thwart any possible removal by purposefully seeking less than $75,000 in fees and costs.  Murphy is essentially arguing that Travelers should have and could have sought a higher judgment against him, but intentionally and maliciously did not do so simply to prevent him from removing a case that did not even exist at the time (and may not exist now) to federal court.   This argument is nonsensical and stretches logic to a degree beyond comprehension.   It is evident that it is Murphy, and not Travelers, that is attempting to manipulate and contort the record to satisfy the amount in controversy requirement for diversity jurisdiction.  The court will not condone this action.

Based on the state court record, Murphy has not proven by a preponderance of the evidence that the amount in controversy in this "action" exceeds $75,000, as required for this court to exercise diversity jurisdiction over this case.   Accordingly, the court will grant the motion to remand this case to the Court of Common Pleas of Philadelphia County.

**C.      Motion for Jurisdictional Discovery/Motion for a Protective Order**

While seemingly a moot issue because of the aforementioned discussion, the court will briefly discuss Murphy's motion for jurisdictional discovery in which he seeks to have Travelers produce unredacted copies of its attorneys' fees and costs in this matter (from the date Travelers filed its petition for a special injunction to the date of the notice of removal) so he can support his argument that the amount in controversy exceeds $75,000.  *See generally* Movant, Robert Murphy's, Mot. for an Ord. to Conduct Jurisdictional Discovery to Assist Movant to Ascertain and Submit to the Ct. All the Facts for a Thorough Consideration by the Ct. of Travelers' Ins. Co.'s Alleged Challenge to Diversity Jurisdiction Because the Captioned Matter Can Never Conceivably Exceed the Minimum Requisite Diversity Statutory Amount-in-Controversy

Pursuant to 28 U.S.C.A. Section 1332, 1441, 1446, F.R.C.P. 26 and Applicable Law, Doc. No. 12.  Travelers opposes the motion because, *inter alia*, the amount in controversy was specifically determined by its bill of costs, which was accepted by the court and memorialized in the entry of a judgment against Murphy.  *See* Mem. of Law in Supp. of Travelers Ins. Co.'s Resp. in Opp. to Robert Murphy, Esquire's Mot. for an Ord. to Conduct Jurisdictional Discovery, and Request for a Protective Ord. ("Travelers' Discovery Mem.") at 5.  Travelers further asserts that the court should deny the motion because Murphy's assertion of federal court jurisdiction in this case is clearly frivolous.  *Id.* at 6-7.  In addition to Travelers' opposition to the motion, Travelers seeks a protective order that would preclude Murphy from obtaining its or its counsel's legal bills because the Court of Common Pleas had already denied a similar request by Murphy and because the attorney-client privilege and the work product doctrine protects these documents.  *Id.* at 5-6, 7-9 & Ex. F.

With regard to motions for jurisdictional discovery, "generally[,] . . . jurisdictional discovery should be allowed unless the [movant's] claim is 'clearly frivolous.'"  *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citations omitted).  As explained above, Murphy's claim that the amount in controversy could exceed $75,000 is clearly frivolous.  Accordingly, the court will deny the motion for jurisdictional discovery and deny the motion for a protective order as moot.

### D.      Award of Fees and Costs Due to Improper Removal

In its motion to remand, Travelers requests that the court require Murphy to pay its attorney's fees and costs incurred as a result of his improper removal.  Mot. to Remand at 7.  Murphy opposes any award of fees and costs because he had an objectively reasonable basis to

seek removal.  Murphy's Remand Opp. Br. at 14.  As evidenced by the court's discussion above, an award under 28 U.S.C. § 1447(c) is appropriate in this case.

Under section 1447(c), the trial court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). Although this language seems to provide significant discretion with the trial court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an ***objectively reasonable*** basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).[39]

Although neither the Supreme Court nor the Third Circuit has defined the phrase "objectively reasonable," this standard "does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'"  *See Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 138-39, and pointing out that *Martin* "reject[ed] the formulation applied for defendants' recovery of fees in civil rights cases under 42 U.S.C. § 1988").  The United States Court of Appeals for the Seventh Circuit has used a qualified-immunity-like inquiry for determining whether removal was objectively reasonable:

> As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer, Inc.*, 492 F.3d 789, 792-93 (2007).[40]

---

[39] "District courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  *Martin*, 546 U.S. at 141.  The Court noted that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)."  *Id.*

[40] "[I]n *Martin*, the Supreme Court did not have occasion to define 'objectively reasonable' because the parties agreed that the defendant's basis for removal was reasonable."  *Lott*, 492 F.3d at 793.

Murphy's removal of the action was clearly not objectively reasonable.  Even using the test enunciated by the Seventh Circuit in *Lott*, clearly established law demonstrated that Murphy had no basis for removal.  Since 1996, 28 U.S.C. § 1332(a) has required the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."  *See* Pub.L. 104-317 (1996).  The underlying state court judgment entered against Murphy was for a specific amount, $55,600.41, which was clearly lower than the requisite jurisdictional amount for diversity jurisdiction under section 1332.  Murphy's argument that somehow the fees and costs that Travelers did not seek when it submitted its bill of costs to the state trial judge should be used to increase the jurisdictional amount after Travelers had its opportunity to submit the fees and costs that it was trying to collect, is clearly unreasonable.  Even the fact that Murphy is attempting to argue that the jurisdictional amount exceeds $75,000, thus resulting in greater sanctions against him, belies belief.

The court recognizes that Murphy contests the validity of that state court judgment, and while somewhat unclear, it appears that the entire point of him removing the "action" here is to attack the state court judgment entered against him.  Nonetheless, even if Murphy were to somehow prevail on his claim that the judgment entered against him is invalid, the amount of costs and fees submitted by Travelers still totals $55,600.41 and no more.  Clearly, Murphy has attempted to fabricate a claim that the amount in controversy could exceed $75,000 so this court could exercise jurisdiction.

Therefore, the court finds that Murphy lacked an objectively reasonable basis to remove the action to this court.  As such, the court will require Murphy to pay Travelers' "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Travelers shall submit a bill of costs to the undersigned within ten (10) days of the date

31

of this order.  Murphy shall have a period of seven (7) days from the date Travelers submits its bill of costs to respond.

### III.   CONCLUSION

With regard to the motion to strike, the motion itself is deficient and, even if the court would have considered it, Murphy is not entitled to any relief and the court will deny the motion. Additionally, Murphy's attempts to manipulate the court system to obtain a federal forum cannot be countenanced.  He has failed to satisfy his burden to show by a preponderance of the evidence that the amount-in-controversy requirement of section 1332(a) is satisfied in this case. Accordingly, the court will remand the case for lack of subject-matter jurisdiction.[41]

In addition, he is not entitled to jurisdictional discovery because his jurisdictional claim is clearly frivolous.  While the court is ordinarily highly constrained to order the payment of costs and fees, Murphy clearly lacked an objectively reasonable basis to remove the case to this court and, as such, Travelers is entitled to an award of their counsel fees and costs connected with this removal action.  Therefore, the court will require Travelers to submit its bill of costs associated with this removal action.

An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[41] In anticipation of yet another improper appeal filed by Murphy in this case, the court advises Murphy that

> [a]n order remanding a case to the State court from which it was removed ***is not reviewable on appeal or otherwise***, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added).  In other words, "[a]s long as a district court's remand is based on a timely raised defect in removal procedure ***or on lack of subject-matter jurisdiction***—the grounds for remand recognized by § 1147(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (emphasis added).